**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. _____**

KIP BARNETT, *individually and on behalf*
*of all those similarly situated*,

      Plaintiff,

v.

APTIVE ENVIRONMENTAL, LLC,

      Defendant.

(Removed from the Circuit Court of the 17th
Judicial Circuit in and for Broward County,
Florida, Case No. CACE22009193)

## NOTICE OF REMOVAL

Aptive Environmental, LLC ("Aptive") hereby removes the above-captioned action from

the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United

States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441,

1446, and 1453.  Removal is proper on the following grounds:

      1.      On June 24, 2022, Plaintiff Kip Barnett ("Plaintiff"), on behalf of himself and all

other persons similarly situated, filed a putative class action complaint (the "Complaint") in the

Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, styled *Barnett v.*

*Aptive Environmental, LLC*, Case No. CACE22009193 (the "State Court Action").

      2.      Aptive was served with a Summons and copy of the Complaint on June 28, 2022.

Copies of the Summons, Complaint, and all other documents served on Aptive are attached to

this Notice of Removal as Exhibit "A", pursuant to 28 U.S.C. § 1446(a).  No other documents

have been filed in the State Court Action as of the filing of this Notice of Removal.

      3.      The State Court Action asserts claims for statutory damages and attorney fees, as

well as for declaratory judgment.  The asserted claims arise out of Plaintiff's allegation that

Aptive contacted customers regarding debts outside of the times permitted by the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*

## **Venue**

4.      The Notice of Removal was properly filed in the United States District Court for the Southern District of Florida because the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida is located within the Southern District of Florida.  Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## **Timely Removal**

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty (30) days of the date (June 28, 2022) Aptive was served with a Summons and a copy of the Complaint in the State Court Action.

## **Notice to Plaintiff and Copies of Pleadings Attached**

6.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk for the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. All parties will receive a copy of the notice filed with that court.  A copy of the Notice of Filing Notice of Removal is attached as Exhibit "B".

## **Grounds For Federal Court Jurisdiction**

7.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.      Original jurisdiction is present pursuant to the diversity statute, 28 U.S.C. § 1332(a)(1), which applies where there is a complete diversity between the named parties and the amount in controversy exceeds $75,000.

9.      The State Court Action is not a non-removal action as described in 28 U.S.C. § 1445.

**Complete Diversity of the Parties Exists**

10.     Plaintiff's Complaint alleges that he is a resident of the State of Florida and, therefore, is presumed to be a citizen of the State of Florida.

11.     Aptive is a Utah limited liability company with its principal place of business in Utah.  None of Aptive's members are residents of Florida.  Aptive, therefore, is not a citizen of Florida for purposes of diversity.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("We conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

12.     Therefore, complete diversity of the parties exists.

**The Amount in Controversy Exceeds $75,000**

13.     In determining whether the $75,000 amount in controversy is satisfied, district courts consider the totality of the relief sought, which includes monetary damages, attorney's fees, and the cost a defendant incurs in complying with injunctive relief.  *E.g.*, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

14.     The FCCPA permits the Court to award the named Plaintiff an award of attorney's fees if Plaintiff were to prevail in the litigation.  Fla. Stat. § 559.77(2) (establishing a

defendant's liability to include "court costs and reasonably attorney's fees incurred by the plaintiff.").  Aptive may also be awarded its reasonable attorney's fees if it prevails in the litigation.  *Id*.

15.     If Plaintiff prevails in litigation, statutory damages of $1,000 per class member would yield statutory damages available to the class of $500,000 pursuant to the FCCPA's cap on class damages.

16.     The Eleventh Circuit has endorsed a "percentage of the fund" basis as a permissible method for calculating statutory attorney's fee award in class action proceedings. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 773 (11th Cir. 1991).  "District courts are beginning to view the median of this 20% to 30% range, i.e., 25% as a 'benchmark' percentage fee award which may be adjusted in accordance with the individual circumstances of each case." *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1119 (M.D. Fla. 2021).

17.     Accordingly, Plaintiff's claim for statutory prevailing party attorney's fees is non-speculative and, at the time of removal, is valued in a range between $100,000 to $150,000.

18.     Based on the foregoing, the amount-in-controversy at the time of removal is greater than the $75,000 jurisdictional minimum.

## Conclusion

19.     By filing a Notice of Removal, Aptive does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.  Aptive expressly reserves its rights to contest personal jurisdiction, service of process and the sufficiency of the Complaint.

20.     Further, Aptive respectfully requests an opportunity to conduct limited discovery and submit additional argument or evidence on the issue of diversity jurisdiction if Plaintiff challenges this Notice of Removal and such discovery or argument becomes necessary.

Dated: July 18, 2022

                                Respectfully submitted,

                        By:     /s/NELSON C. BELLIDO
                                NELSON C. BELLIDO
                                Fla. Bar No. 974048
                                ROIG LAWYERS
                                44 W. Flagler Street, Suite 2100
                                Miami, FL 33130
                                Telephone: (305) 405-0997
                                Facsimile: (305) 405-1022
                                nbellido@roiglawyers.com
                                pleadings@roiglawyers.com

                                *Attorneys for Defendant*
                                APTIVE ENVIRONMENTAL, LLC

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 18th day of July 2022, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.


By:    /s/NELSON C. BELLIDO
       NELSON C. BELLIDO

 **Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**  Registered Agent Department
Business Filings Incorporated (Recipient Account Only)
8020 Excelsior Dr Ste 200
Madison, WI 53717-1998

**RE:**  **Process Served in Florida**

**FOR:**  Aptive Environmental, LLC  (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KIP BARNETT,individually and on behalf of all those similarly situated, vs. APTIVE ENVIRONMENTAL, LLC, |
| **CASE #:** | None Specified |
| **PROCESS SERVED ON:** | Business Filings Incorporated, Tallahassee, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/28/2022 at 03:15 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/28/2022, Expected Purge Date: 07/03/2022 |
| | Image SOP |
| | Email Notification,  Registered Agent Department  ctsop@bizfilings.com |
| **REGISTERED AGENT CONTACT:** | Business Filings Incorporated 3458 Lakeshore Drive Tallahassee, FL 32312 844-832-8351 CTService@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT "A"**



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Tue, Jun 28, 2022
**Server Name:**                       Francisco Carreras

| Entity Served | APTIVE ENVIRONMENTAL, LLC |
|---|---|
| Case Number | NONE |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
|  |  |  |



Filing # 152159346 E-Filed 06/24/2022 02:47:49 PM

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.:

KIP BARNETT,

**Plaintiff,**

v.

**CIVIL ACTION SUMMONS**

APTIVE ENVIRONMENTAL, LLC,

**Defendant.**

_____/

ABP# _2120_

DATE _6/28/22_ TIME _2 pm_

**SUMMONS**

Name _____ Badge/ID# ___

*** scan back executed ***

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

> Aptive Environmental, LLC
> Business Filings Incorporated
> 1200 South Pine Island Road
> Plantation, Florida 33324

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____JUN 27 2022_____

Brenda D. Forman, Clerk of the Court

By: _____

As Deputy

**BRENDA D. FORMAN**

PAGE | 1 of 2

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/24/2022 02:47:48 PM.****

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: June 23, 2022

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
*COUNSEL FOR PLAINTIFF*

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

KIP BARNETT,
*individually and on behalf of all
those similarly situated,*

**Plaintiff,**

v.

APTIVE ENVIRONMENTAL, LLC,

**Defendant.**

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**COMPLEX DIVISION**

## CLASS ACTION COMPLAINT

Plaintiff Kip Barnett ("Plaintiff"), *individually and on behalf of all those similarly situated,*

sues Defendant Aptive Environmental, LLC ("Defendant") for violating the Florida Consumer

Collection Practices Act ("FCCPA")

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil

Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of

$30,000 exclusive of interest, costs, and attorney's fees.

2.      This Court has personal jurisdiction over Defendant because Defendant is

operating, present, and/or doing business within this jurisdiction and because the complained of

conduct of Defendant occurred within Broward County, Florida.

3.      Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011,

et seq., the cause of action alleged below arose in Broward County Florida.

4.      Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury

as a result of Defendant's violations of the FCCPA, and because Plaintiff is not requesting an

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a/an Utah Limited Liability Company, with its principal place of business located in Davie, Florida.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

10. Plaintiff is the alleged debtor of the Consumer Debt.

11. The Subject Service was primarily for personal, family, or household purposes.

12. The FCCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2).

13. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

14. Section 559.72(17) of the FCCPA prohibits persons from communicating with a debtor between the hours of 9:00 PM and 8:00 AM in the debtor's time zone without the prior consent of the debtor.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.     On May 13, 2022, Defendant sent an electronic mail communication to Plaintiff (the "Communication").

16.     Attached as Exhibit "A" is a copy of the Communication.

17.     The Communication was a communication in connection with the collection of the Consumer Debt.

18.     The Communication was sent from phone number 1-754-219-4203 and delivered to Plaintiff's personal phone number.

19.     The Communication advised that "Third Reminder from Aptive: you have an invoice on your account. You can pay it at the payment portal aptive.us/pay. If you have any questions, call 1(877)237-2999. Thank you!".

20.     The Communication was sent by Defendant to Plaintiff at 7:30 AM in Plaintiff's zone.

21.     The Communication was received by Plaintiff from Defendant at 7:30 AM in Plaintiff's zone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is the below defined "FCCPA Class."

23.     The "**FCCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that Defendant or someone on Defendant's behalf **[3]** sent an electronic mail communication to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt.

24.     Defendant and its employees or agents are excluded from the Class.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

26.     Upon information and belief, Defendant has sent thousands electronic mail communication to Florida consumers between 9:00 PM and 8:00 AM, whereby such electronic mail communication(s) violate 559.72(17). The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

### COMMON QUESTIONS OF LAW AND FACT

28.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent an electronic communication to Plaintiff and members of the Class in connection with the collection of a consumer debt; [2] Whether Defendant sent such communication(s) between 9:00 PM and 8:00 AM; [3] Whether Defendant should be enjoined from such conduct in the future.

29.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends electronic mail communication(s) that violate 559.72(17) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30.     Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT 1
### VIOLATION OF FLA. STAT. § 559.72(17)

34.     Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference ¶¶ 8-33 of this Class Action Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35.     Pursuant to § 559.72(17) of the FCCPA, in collecting consumer debts, no person shall: "*[c]ommunicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.*" Fla Stat. § 559.72(17) (emphasis added).

36.     As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. *See* <u>Exhibit A</u>. The Communication was sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Communication, Defendant violated § 559.72(17) of the FCCPA.

37.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests relief and judgment as follows:

(a)     Determine this action is a proper class action under Florida Rule of Civil Procedure;

(b)     A declaration that Defendant's conduct and/or practices described herein violate § 559.72(17);

(c)     Award Plaintiff and members of the FCCPA Class statutory damages pursuant to Fla. Stat., § 559.77(2);

(d)     Enjoin Defendant from future violations of Fla. Stat., § 559.72(17) with respect to Plaintiff and the FCCPA Class;

(e)     Award Plaintiff and members of the FCCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to Fla. Stat., § 559.77(2); and

(f)     Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: June 23, 2022

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:   jen@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

EXHIBIT "A"

7:37

97%

<  **+17542194203** ⌄      ⋮

Friday, May 13

Third Reminder from
Aptive: you have
an invoice on your
account. You can
pay it at the payment
portal aptive.us/
pay. If you have
any questions, call
1(877)237-2999.
Thank you!                    7:30 AM

⊞  ◎  +                    ☺  ⑊

|||          ◯          ‹

Filing # 152086168 E-Filed 06/23/2022 03:49:05 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Kip Barnett</u>
Plaintiff

Case # _____
Judge   _____

vs.
<u>Aptive Environmental LLC</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☒ yes
  ☐ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jennifer Gomes Simil      Fla. Bar # 1018195
    Attorney or party      (Bar # if attorney)

Jennifer Gomes Simil      06/23/2022
(type or print name)      Date

- 3 -

Filing # 152086168 E-Filed 06/23/2022 03:49:05 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**Case No.**

KIP BARNETT, *individually and on behalf of all
those similarly situated,*

    **Plaintiff,**

v.

APTIVE ENVIRONMENTAL, LLC,

    **Defendant.**

_____/

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

Plaintiff Kip Barnett propounds the following discovery requests on Defendant Aptive Environmental, LLC. Responses to these discovery requests are due forty-five (45) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

The responses to these discovery requests must be sent *via* e-mail to: **Jibrael S. Hindi, Esq.**, at jibrael@jibraellaw.com, and **Jennifer Simil, Esq.**, at jen@jibraellaw.com.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 23, 2022, the foregoing was electronically filed with the Clerk of the Court using the Florida E-Filing Portal which will send a notice of electronic filing to all counsel of record.

        /s/ Jennifer G. Simil
        **JENNIFER G. SIMIL, ESQ.**
        Florida Bar No. 1018195
        E-mail:  jen@jibraellaw.com
        Phone:  754-213-7957
        *COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## INTERROGATORIES

(1)     Identify the number of persons that Defendant, or someone on Defendant's behalf, sent an electronic communication to between 9:00 PM and 8:00 AM in connection with the collection of a debt.

**Response**:


(2)     Identify, by name and e-mail address, each person that Defendant, or someone on Defendant's behalf, sent an electronic communication to between 9:00 PM and 8:00 AM in connection with the collection of a debt.

**Response**:


(3)     Identify the specific policies and procedures Defendant has implemented to prevent communicating with Florida consumers between 9:00 PM and 8:00 AM in connection with the collection of a debt.

**Response**:


*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents*:

(1)   Copies of each e-mail Defendant, or someone on Defendant's behalf, sent to Plaintiff during the three (3) years prior to the commencement of the above-captioned action.

(2)   Copies of each e-mail Defendant, or someone on Defendant's behalf, sent between 9:00 PM and 8:00 AM in connection with the collection of a debt during the three (3) years prior to the commencement of the above-captioned action.

(3)   A list of the persons Defendant was asked to identify in response to Interrogatory No. 2.

(4)   Copies of Defendant's balance sheets, income statements, profit and loss statements, and any other documents which reflect Defendant's net worth for 2019 tax year.

(5)   Copies of Defendant's balance sheets, income statements, profit and loss statements, and any other documents which reflect Defendant's net worth for 2020 tax year.

(6)   Copies of Defendant's balance sheets, income statements, profit and loss statements, and any other documents which reflect Defendant's net worth for 2021 tax year.

(7)   Copies of Defendant's tax returns for the 2019 tax year.

(8)   Copies of Defendant's tax returns for the 2020 tax year.

(9)   Copies of Defendant's tax returns for the 2021 tax year.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## <u>VERIFICATION</u>

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 201_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

SEAL OF NOTARY

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## APPENDIX "A" – DEFINITIONS

(1)     "Action" shall mean the above captioned matter.

(2)     "Any," "All," and "each" shall be construed as any, all and each.

(3)     "And" shall mean and/or.

(4)     "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)     "Complaint" means the operative Complaint filed in the above captioned action.

(6)     "Collection Letter" shall refer to the "Collection Letter" identified in the Complaint.

(7)     "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean the above-captioned Defendant, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Fed. R. Civ. P. 26, 33, 34 and 36.

(11)    "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)    "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)    "Or" shall mean and/or.

(16)    "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)    "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)    "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(19)    "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on November 8, 2021.

(20)    "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)    The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(22)     The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136| Fax (855) 529-9540
www.JibraelLaw.com

**Kip Barnett Plaintiff vs. Aptive Environmental LLC Defendant**

| | |
|---|---|
| **Broward County Case Number:** CACE22009193 | **State Reporting Number:** 062022CA009193AXXXCE |
| **Court Type:** Civil | **Case Type:** Other |
| **Incident Date:** N/A | **Filing Date:** 06/23/2022 |
| **Court Location:** Central Courthouse | **Case Status:** Pending |
| **Magistrate Id / Name:** N/A | **Judge ID / Name:** 25 Phillips, Carol-Lisa |

### − Party(ies)
Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Barnett, Kip**<br><br>*On Behalf Of*<br>**all those similarly situated** | | ★ Simil, Jennifer Gomes<br>Retained<br>Bar ID: 1018195<br>110 SE 6th Street, Suite 1744<br>Fort Lauderdale, FL 33301<br>**Status: Active** |
| Defendant | **Aptive Environmental LLC** | | |

### − Disposition(s)
Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

### − Event(s) & Document(s)
Total: 6

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 06/24/2022 | **eSummons Issuance** | Aptive Environmental, LLC | 📄 | 2 |
| 06/23/2022 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 06/23/2022 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 06/23/2022 | **Complaint (eFiled)** | CLASS ACTION<br>Party: *Plaintiff* Barnett, Kip | 📄 | 9 |
| 06/23/2022 | **No Summons Issued** | | 📄 | 2 |
| 06/23/2022 | **Request for Discovery** | FIRST SET TO DEFENDANT<br>Party: *Plaintiff* Barnett, Kip | 📄 | 7 |

### − Hearing(s)
Total: 0

**There is no Disposition information available for this case.**

### − Related Case(s)
Total: 0

**There is no related case information available for this case.**

# EXHIBIT "B"

Filing # 152159346 E-Filed 06/24/2022 02:47:49 PM

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.:

KIP BARNETT,

      **Plaintiff,**

v.

APTIVE ENVIRONMENTAL, LLC,

      **Defendant.**

_____/

**CIVIL ACTION SUMMONS**

ABP#_____

DATE_____ TIME_____

Name_____ Badge/ID#___

*** scan back executed ***

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

                Aptive Environmental, LLC
                Business Filings Incorporated
                1200 South Pine Island Road
                Plantation, Florida 33324

      Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____JUN 27 2022_____

                    Brenda D. Forman, Clerk of the Court

                    By: _____

                    As Deputy Clerk

                    **BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/24/2022 02:47:48 PM.****

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: June 23, 2022

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:     jen@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
*COUNSEL FOR PLAINTIFF*

Filing # 152086168 E-Filed 06/23/2022 03:49:05 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Kip Barnett</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Aptive Environmental LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jennifer Gomes Simil</u>        Fla. Bar # <u>1018195</u>
       Attorney or party                    (Bar # if attorney)

<u>Jennifer Gomes Simil</u>         <u>06/23/2022</u>
 (type or print name)        Date

- 3 -

Filing # 152086168 E-Filed 06/23/2022 03:49:05 PM

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

KIP BARNETT,
*individually and on behalf of all
those similarly situated,*

    **Plaintiff,**

v.

APTIVE ENVIRONMENTAL, LLC,

    **Defendant.**

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**COMPLEX DIVISION**

### CLASS ACTION COMPLAINT

Plaintiff Kip Barnett ("Plaintiff"), *individually and on behalf of all those similarly situated,* sues Defendant Aptive Environmental, LLC ("Defendant") for violating the Florida Consumer Collection Practices Act ("FCCPA")

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

2.    This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3.    Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

4.    Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FCCPA, and because Plaintiff is not requesting an

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a/an Utah Limited Liability Company, with its principal place of business located in Davie, Florida.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

10.     Plaintiff is the alleged debtor of the Consumer Debt.

11.     The Subject Service was primarily for personal, family, or household purposes.

12.     The FCCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2).

13.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

14.     Section 559.72(17) of the FCCPA prohibits persons from communicating with a debtor between the hours of 9:00 PM and 8:00 AM in the debtor's time zone without the prior consent of the debtor.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.     On May 13, 2022, Defendant sent an electronic mail communication to Plaintiff (the "Communication").

16.     Attached as Exhibit "A" is a copy of the Communication.

17.     The Communication was a communication in connection with the collection of the Consumer Debt.

18.     The Communication was sent from phone number 1-754-219-4203 and delivered to Plaintiff's personal phone number.

19.     The Communication advised that "Third Reminder from Aptive: you have an invoice on your account. You can pay it at the payment portal aptive.us/pay. If you have any questions, call 1(877)237-2999. Thank you!".

20.     The Communication was sent by Defendant to Plaintiff at 7:30 AM in Plaintiff's zone.

21.     The Communication was received by Plaintiff from Defendant at 7:30 AM in Plaintiff's zone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is the below defined "FCCPA Class."

23.     The "**FCCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that Defendant or someone on Defendant's behalf **[3]** sent an electronic mail communication to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt.

24.     Defendant and its employees or agents are excluded from the Class.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

26.     Upon information and belief, Defendant has sent thousands electronic mail communication to Florida consumers between 9:00 PM and 8:00 AM, whereby such electronic mail communication(s) violate 559.72(17). The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

**COMMON QUESTIONS OF LAW AND FACT**

28.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent an electronic communication to Plaintiff and members of the Class in connection with the collection of a consumer debt; [2] Whether Defendant sent such communication(s) between 9:00 PM and 8:00 AM; [3] Whether Defendant should be enjoined from such conduct in the future.

29.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely sends electronic mail communication(s) that violate 559.72(17) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

30.     Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT 1
### VIOLATION OF FLA. STAT. § 559.72(17)

34.     Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference ¶¶ 8-33 of this Class Action Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35.     Pursuant to § 559.72(17) of the FCCPA, in collecting consumer debts, no person shall: "*[c]ommunicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.*" Fla Stat. § 559.72(17) (emphasis added).

36.     As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit A. The Communication was sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Communication, Defendant violated § 559.72(17) of the FCCPA.

37.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests relief and judgment as follows:

(a)     Determine this action is a proper class action under Florida Rule of Civil Procedure;

(b)     A declaration that Defendant's conduct and/or practices described herein violate § 559.72(17);

(c)     Award  Plaintiff and members of the FCCPA Class statutory damages pursuant to Fla. Stat., § 559.77(2);

(d)     Enjoin Defendant from future violations of Fla. Stat., § 559.72(17) with respect to Plaintiff and the FCCPA Class;

(e)     Award Plaintiff and members of the FCCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to Fla. Stat., § 559.77(2); and

(f)     Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: June 23, 2022

Respectfully Submitted,

  /s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

# EXHIBIT "A"

7:37

**+17542194203** ⌄

Friday, May 13

Third Reminder from
Aptive: you have
an invoice on your
account. You can
pay it at the payment
portal aptive.us/
pay. If you have
any questions, call
1(877)237-2999.
Thank you!                    7:30 AM

Filing # 152086168 E-Filed 06/23/2022 03:49:05 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**Case No.**

KIP BARNETT, *individually and on behalf of all
those similarly situated,*

> **Plaintiff,**

v.

APTIVE ENVIRONMENTAL, LLC,

> **Defendant.**
> _____/

### PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

Plaintiff Kip Barnett propounds the following discovery requests on Defendant Aptive Environmental, LLC. Responses to these discovery requests are due forty-five (45) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

The responses to these discovery requests must be sent *via* e-mail to: **Jibrael S. Hindi, Esq.**, at jibrael@jibraellaw.com, and **Jennifer Simil, Esq.**, at jen@jibraellaw.com.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 23, 2022, the foregoing was electronically filed with the Clerk of the Court using the Florida E-Filing Portal which will send a notice of electronic filing to all counsel of record.

> /s/ Jennifer G. Simil
> **JENNIFER G. SIMIL, ESQ.**
> Florida Bar No. 1018195
> E-mail:    jen@jibraellaw.com
> Phone:    754-213-7957
> *COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## INTERROGATORIES

(1)     Identify the number of persons that Defendant, or someone on Defendant's behalf, sent an electronic communication to between 9:00 PM and 8:00 AM in connection with the collection of a debt.

**Response**:


(2)     Identify, by name and e-mail address, each person that Defendant, or someone on Defendant's behalf, sent an electronic communication to between 9:00 PM and 8:00 AM in connection with the collection of a debt.

**Response**:


(3)     Identify the specific policies and procedures Defendant has implemented to prevent communicating with Florida consumers between 9:00 PM and 8:00 AM in connection with the collection of a debt.

**Response**:


*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents*:

(1)     Copies of each e-mail Defendant, or someone on Defendant's behalf, sent to Plaintiff during the three (3) years prior to the commencement of the above-captioned action.

(2)     Copies of each e-mail Defendant, or someone on Defendant's behalf, sent between 9:00 PM and 8:00 AM in connection with the collection of a debt during the three (3) years prior to the commencement of the above-captioned action.

(3)     A list of the persons Defendant was asked to identify in response to Interrogatory No. 2.

(4)     Copies of Defendant's balance sheets, income statements, profit and loss statements, and any other documents which reflect Defendant's net worth for 2019 tax year.

(5)     Copies of Defendant's balance sheets, income statements, profit and loss statements, and any other documents which reflect Defendant's net worth for 2020 tax year.

(6)     Copies of Defendant's balance sheets, income statements, profit and loss statements, and any other documents which reflect Defendant's net worth for 2021 tax year.

(7)     Copies of Defendant's tax returns for the 2019 tax year.

(8)     Copies of Defendant's tax returns for the 2020 tax year.

(9)     Copies of Defendant's tax returns for the 2021 tax year.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above

Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 201_____.


_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

┌─────────────────────────────┐
│                             │
│                             │
│                             │
│                             │
│                             │
└─────────────────────────────┘
SEAL OF NOTARY

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## APPENDIX "A" – DEFINITIONS

(1)     "Action" shall mean the above captioned matter.

(2)     "Any," "All," and "each" shall be construed as any, all and each.

(3)     "And" shall mean and/or.

(4)     "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)     "Complaint" means the operative Complaint filed in the above captioned action.

(6)     "Collection Letter" shall refer to the "Collection Letter" identified in the Complaint.

(7)     "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean the above-captioned Defendant, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Fed. R. Civ. P. 26, 33, 34 and 36.

(11)   "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)   "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)   "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)   "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)   "Or" shall mean and/or.

(16)   "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)   "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)   "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(19)   "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on November 8, 2021.

(20)   "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)   The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(22)   The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com